IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NISAR A. ALVI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 5999 |
| | ) |
| | ) Judge Mark Filip |
| METROPOLITAN WATER | ) |
| RECLAMATION DISTRICT OF | ) |
| GREATER CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

Nisar A. Alvi ("Plaintiff" or "Alvi"), is suing Defendant, the Metropolitan Water Reclamation District of Greater Chicago ("Defendant" or "MWRD"). In his operative complaint, Alvi alleges unlawful discrimination based on race, national origin, and age, and he also alleges unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. The case is before the Court on Defendant's Motion to Dismiss ("Motion") the action pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 18.)[1] As explained below, Defendant's Motion is granted in part and denied in part.

### I.   Background[2]

The Plaintiff, Nisar A. Alvi, is a 55-year old man of Pakistani descent who resides in Lake County, Illinois. (Compl. ¶ 5.) On or about August 1, 1994, Alvi obtained employment with Defendant MWRD. (Id. ¶ 8.) On or about April 25, 2002, the Civil Service Board of the

---

[1] The various docket entries in this case are cited as "D.E. __."
[2] The background facts are taken from Plaintiff's First Amended Complaint ("Compl.") (D.E. 15) and are assumed to be true, as the law requires, for present purposes. The Court takes no position concerning whether any of the allegations are actually well founded.

Metropolitan Water Reclamation District of Greater Chicago (CSB-MWRD) discharged Alvi from employment for allegedly not having a domicile within the MWRD's jurisdictional boundaries. (*Id.*) On October 21, 2002, Alvi filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the MWRD. (D.E. 1 (EEOC Charge attached to orig. compl.).) Alvi was granted a Right to Sue Letter by the EEOC (D.E. 1 (letter attached to orig. compl.)), and he filed his original complaint on September 14, 2004.

## II. Legal Standard

The Court notes that various materials outside the Complaint have been appended to the briefs and referenced by the parties. The parties have not asked the Court to convert the Motion from one for dismissal under Federal Rule of Civil Procedure 12(b) to one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(b) ("If, on a motion . . . to dismiss for failure . . . to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of under Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). The Court excludes the extraneous materials from consideration at this juncture, and decides the motion under the standards of Rule 12(b)(6).

A Rule 12(b)(6) motion challenges the sufficiency of the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *accord Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In ruling on such a motion, the court accepts all well-pleaded facts alleged in the complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff. *See McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir.

2001). The court need not accept legal conclusions or unsupported factual conclusions from the complaint as true. *See, e.g., id.* "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

### III. Discussion

#### A. Defendant's Statute of Limitations Argument Fails, At Least Under Rule 12(b)(6)

Defendant argues that Alvi's claims should be dismissed with prejudice because they are barred by the statute of limitations. (D.E. 18 at 3.) Both parties agree that Alvi had 300 days from the date of the alleged discrimination to file a charge with the EEOC. Defendant argues, however, that the statute of limitations period began upon the MWRD's filing of termination charges against Alvi, while Alvi argues that the period began when the CSB-MWRD terminated his employment. Defendant's argument fails, at least under a Rule 12(b)(6) analysis.

The complaint contains no allegations of charges having been filed at a date earlier than the April 25, 2002, date of Alvi's termination. Even if the Court were to consider that Alvi's supervisor filed charges with the CSB-MWRD at an earlier date (D.E. 18, Ex. C), the allegations in the complaint do not support Defendant's reliance on *Delaware State College v. Ricks*, 449 U.S. 250 (1980), and its progeny. *Ricks* held that the statute of limitations period began at the time that a college board of trustees notified the plaintiff that it had decided not to offer him tenure, rather than on the date the college actually terminated his employment—which occurred a year later pursuant to the expiration of a typical one-year, terminal employment contract afforded

to a professor denied tenure at the college in question. *Id.* at 257-28; *see also id.* ("It appears that termination of employment at Delaware State is a delayed, but inevitable, consequence of the denial of tenure."). The Court concluded that "the only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and communicated to Ricks." *Id.* at 258. That was so "even though one of the *effects* of the denial of tenure—the eventual loss of a teaching position—did not occur until later." *Id.* (emphasis in original).

Contrary to Defendant's arguments, it is not clear at this point in the litigation that the discriminatory action, if any, took place before the time that Alvi was actually terminated. (The complaint is quite opaque on the subject, a factor that cuts against Defendant, at least at this juncture). Similarly, there is nothing in the allegations which would lead the Court to believe either that Alvi's work or pay status was disrupted prior to his actual termination.[3] *Compare,*

---

[3] MWRD suggests that its inability to terminate Alvi (state law allegedly requiring it to file mere charges for termination with the CSB-MWRD) militates in favor of its statute of limitations argument. But it would at least arguably be difficult to reconcile this position with precedent requiring a plaintiff to have suffered a "materially adverse employment action." *See, e.g., Griffin v. Potter,* 356 F.3d 824, 829 (7th Cir. 2004) (collecting cases); *Herrnreiter v. Chicago Hous. Auth.,* 315 F.3d 742, 744-45 (7th Cir. 2002). Given that there are no allegations that the terms or conditions of Alvi's employment changed prior to his termination by the CSB-MWRD, *see Griffin,* 356 F.3d at 829, Alvi likely would have been unable to sustain an action under Title VII until he was actually terminated. *See Peltier v. United States,* 388 F.3d 984, 988 (6th Cir. 2004) (plaintiff placed on paid administrative leave pending outcome of investigation did not suffer adverse employment action); *Breaux v. City of Garland,* 205 F.3d 150, 158 (5th Cir. 2000) (investigating alleged violations of departmental policies is not adverse employment action); *see generally Ribando v. United Airlines, Inc.,* 200 F.3d 507, 510 (7th Cir. 1999) ("No actionable claim for retaliation or discrimination will lie unless the plaintiff has suffered some adverse employment action."). It is difficult to see how the statute of limitations period could begin before Alvi had an actionable claim. *See* 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice *occurred.*") (emphasis added); *Nat'l R.R. Passenger Corp. v Morgan,* 536 U.S. 101, 110 ("A discrete retaliatory or discriminatory act 'occurred' on the day it 'happened.'). Again,

4

*e.g., Myers v. Metro. Water Reclamation Distr.*, No. 04 C 6777, 2005 WL 991899, at *1 (N.D. Ill. April 11, 2005) (Kennelly, J.) (statue of limitations period began when plaintiff was suspended pending final termination by Civil Service Board); *Rogers v. Metro. Water Reclamation Distr.*, No. 01 C 2271, 2001 WL 1835161, at *1 (N.D. Ill. Dec. 17, 2001) (Zagel, J.) (same). Nor is it clear from the pleadings that Alvi's "termination at a later date [was] an inevitable consequence of the discriminatory decision" by his supervisor to file a charge for termination with the CSB-MWRD. *E.E.O.C. v. N. Gibson Sch. Corp.*, 266 F.3d 607, 618 (7th Cir. 2001). As best the Court can tell from the complaint (which is admittedly vague), this was not a case where the "operative decision" to terminate Alvi was made before April 25, 2005, with mere continuity of employment until execution of the decision was complete. *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (following *Ricks*). Thus, the Court cannot say that it is beyond doubt that any discriminatory action which occurred happened prior to Plaintiff's April 25, 2002 discharge. Defendant's argument that the case should be dismissed for failure to file within the applicable limitations period is not well-taken, at least as the case is presented for purposes of a Rule 12(b)(6) motion.

### B. Various Contentions Of The Plaintiff Are Dismissed Because They Are Beyond The Scope Of His EEOC Charge And Therefore Cannot Be Advanced In This Suit

Defendant argues that certain allegations in Alvi's operative complaint should be dismissed because they are outside the scope of Alvi's EEOC charge. (D.E. 18 at 4.) "As a general rule, a . . . plaintiff [in an employment discrimination case] cannot bring claims in a

---

however, Alvi's operative complaint is vague on the operative events and facts, which cuts against dismissal under Rule 12(b)(6).

5

lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 32 F.3d 497, 500 (7th Cir. 1994); *accord, e.g., Sitar v. Ind. Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). Understanding that most EEOC complaints are filed by laypersons, the Seventh Circuit instructs that a plaintiff in an employment discrimination case "need not allege each and every fact that combines to form the basis of each claim in her complaint." *Cheek*, 31 F.3d at 500. Rather, to determine whether the allegations in the complaint fall within the scope of the earlier EEOC charge, the Court must look at "whether the allegations are like or reasonably related to those contained in the charge," *Kersting v. Wal-Mart Stores*, 250 F.3d 1109, 1118 (7th Cir. 2001) (internal quotations omitted), and also must assess whether a claim "reasonably could be expected to grow out of an EEOC investigation of the charge," *Peters v. Renaissance Hotel Oper. Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (internal quotations and alterations omitted). "Claims are reasonably related if there is a factual relationship between them . . . [which] means that 'the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*.'" *Kersting*, 250 F.3d at 118 (quoting *Cheek*, 31 F.3d at 501) (emphasis in original).

The Court finds that Alvi's allegations in Counts I and II concerning his alleged "non-selection to the position of Supervising Mechanical Engineer and [] other adverse employment decisions" are not like or reasonably related to the allegations contained in his EEOC charge. (Compl. ¶¶ 14, 18.) Nor would one reasonably expect this claim to grow out of an EEOC investigation of the charge Alvi actually presented. Alvi's EEOC charge states only that he was discharged, and points to another younger, non-Asian, and non-Pakistani engineer who was not terminated even though he, too, was cited for violating the MWRD's residency requirements.

(D.E. 1 (EEOC Charge attached to orig. compl.).) Nowhere does Alvi give any indication that he was complaining of not being selected for a particular position, and MWRD had no notice of such a claim or contention. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("[The] limitation [of the district court complaint to the scope of the EEOC charge] is consistent with the principle of primary jurisdiction in the agency, for it gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts."). Additionally, Alvi identified the dates of discrimination as occurring at the earliest on "4/25/2002" and at the latest on "4/25/2002." (D.E. 1 (EEOC charge attached to orig. compl.).) While it is not clear at this point whether Alvi's allegations based on his non-selection and other adverse employment actions were occasioned by the same *persons*, such non-selection is certainly not encompassed within the same *conduct* as the investigation and subsequent termination of his employment, as it would not have occurred on the same date as his termination. Consequently, any complaints concerning Plaintiff's alleged non-selection to the position of supervising mechanical engineer are improper and are dismissed from this suit.

Likewise, Alvi's retaliation claim in Count III is improperly advanced, as it too exceeds the scope of his EEOC charge. Alvi's retaliation claim in Count III of this suit is based on his contentions that "[h]is allegations and subsequent appeal of the adverse employment decisions against him to the [Civil Service Board] . . . resulted in the intensification of the Defendant's investigation against him and in the acceleration of his termination." (Compl. ¶ 21.) However, Alvi's retaliation claim in Count III is not like or reasonably related to the allegations in his EEOC charge, nor could a retaliation claim be reasonably expected to grow out of an EEOC

investigation of the EEOC charge that Alvi actually submitted.

In assessing whether Count III should properly be dismissed, the Seventh Circuit's teaching in *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535 (7th Cir. 2002), is instructive. *Peters* dealt with a situation where a plaintiff advanced a retaliation claim, and it was dismissed because it exceeded the scope of the plaintiff's EEOC charge. *Id.* at 550. The Seventh Circuit stated:

> We do not believe that Mr. Peters' retaliation claim is like or reasonably related to this discrimination charge [in the EEOC charge]. Critical to a prima facie case of retaliation is that the plaintiff engaged in protected activity, such as the filing of a charge of discrimination or other complaint of statutory activity. However, the [EEOC] charge makes no mention of a complaint of discrimination, to whom the complaint was made or what adverse action allegedly resulted from the complaint.

*Id.* at 550 (internal citations omitted). In the instant case, as in *Peters*, Alvi's EEOC charge does not mention protected activity or describe to whom Alvi complained. *See* D.E. 1 (EEOC Charge attached to orig. compl.). This weighs strongly in favor of dismissal.

*Peters* also noted that the EEOC charge in that case contained no statement or indication that a retaliation claim was being advanced. *See Peters*, 307 F.3d at 550. Similarly, Alvi's EEOC charge contains no mention of a retaliation complaint. Instead, Alvi stated that the "issue/basis" for his complaint was his "discharge – April 25, 2002," and Alvi noted that "race," "national origin," and "age" were the alleged causes of the discrimination. D.E. 1 (EEOC Charge attached to orig. compl.); *see also id.* at 1-2 (expressly identifying a "similarly situated, younger," "non-Asian and non-Pankistani [sic] professional engineer . . . who was also cited for violating Respondent's residency requirements, but he was not discharged."). None of this gives any hint that supposed retaliation against Alvi for unidentified prior complaints is in play. These

8

facts also militate in favor of dismissal of the retaliation claim in Count III. *See Peters*, 307 F.3d at 550 ("Keeping in mind that one of the purposes of the [EEOC] charge is to alert the employer to the offending behavior, we believe that Mr. Peters' failure to mention any type of protected activity and his failure to identify retaliation as a basis for his charge preclude him from relying on the original charge of discrimination as a basis for his retaliation claim."); *accord Bilal v. Rotec Indus.*, No. 03 C 9220, 2004 WL 1244021, at *3 (N.D. Ill. June 3, 2004) (Kocoras, J.) (retaliation claim outside scope of EEOC charge where same individual was implicated but there was "no trace in the EEOC charge of the retaliatory conduct that . . . [plaintiff] cites in her complaint, no hint of any grievances lodged with her employer or any agency that could be reasonably inferred to be statutorily protected activity, and no inference of causation to be made from the charges lodged with the EEOC"); *Perkins v. Ameritech Corp.*, No. 00 C 5655, 2004 WL 2032656, at *18 (N.D. Ill. Aug. 27, 2004) (Brown, M.J.) (retaliation claim outside scope of EEOC charge where charge did not explicitly mention retaliation or contain any allegations of complaints of discriminatory activity or adverse action taken in retaliation). Accordingly, *Peters* and cases applying it teach that Alvi's retaliation claim in Count III should be dismissed.

## IV. Conclusion

For the reasons stated above, the Court grants Defendant's Motion (D.E. 17) as to Counts I and II insofar as they allege discrimination for actions unrelated to his termination and to Count III, which alleges retaliation. The Court denies the Motion as to the remaining allegations in Counts I and II.

So ordered.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Date: 6-3-05